**Demond Lanier GRAVES, Petitioner–Appellant,**

v.

**C.A. TERHUNE, California Department of Corrections, Defendant–Appellee.**

**No. 03–55945.**

United States Court of Appeals, Ninth Circuit.

Submitted March 30, 2004.*

Decided April 13, 2004.

Jonathan P. Milberg, Esq., Pasadena, CA, for Petitioner–Appellant.

J. Michael Lehmann, Office Of The California Attorney General (LA), Los Angeles, CA, for Respondent–Appellee.

Before: D.W. NELSON, FERNANDEZ, and KLEINFELD, Circuit Judges.

### MEMORANDUM **

Demond Lanier Graves appeals the district court's denial of his habeas corpus petition. *See* 28 U.S.C. § 2254. We affirm.

We apply the strictures set forth in 28 U.S.C. § 2254(d) & (e) when we consider

Graves's claims. That means that relief could be granted only if Graves were able to show that the decisions of the state courts were either contrary to or an unreasonable application of federal law as declared by the Supreme Court; or based on an unreasonable determination of the facts. *See id.; Price v. Vincent,* 538 U.S. 634, 123 S.Ct. 1848, 1852–53, 155 L.Ed.2d 877 (2003); *Lockyer v. Andrade,* 538 U.S. 63, 73–76, 123 S.Ct. 1166, 1173–75, 155 L.Ed.2d 144 (2003); *Williams v. Taylor,* 529 U.S. 362, 412–13, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000).

The state courts rejected Graves's claim that the use of evidence of his corrupt attempts to bribe his victim violated his Sixth Amendment rights as delineated in *Massiah.*[1] Were we to hold otherwise and grant relief, we would extend the existing law beyond its current borders and, thereby, violate *Teague.*[2]

Of course, we recognize that the question of extension can be tricky where the new application could be said to be within the logical compass of a prior decision. *See Butler v. McKellar,* 494 U.S. 407, 414–15, 110 S.Ct. 1212, 1217, 108 L.Ed.2d 347 (1990); *Jones v. Gomez,* 66 F.3d 199, 203 (9th Cir.1995). Thus, we are constrained to add that, in any event, the state courts' determination that Graves could not hide behind the Sixth Amendment's protections when he came forward to bribe a victim-witness was neither an unreasonable application of clearly established Supreme

Court law, nor an instance of an unreasonable determination of facts.

Moreover, even if there were an error, it is clear that the error was harmless. On this record, which contains powerful evidence against Graves, the error could not have had a substantial and injurious effect upon the verdict. *See Brecht v. Abrahamson,* 507 U.S. 619, 623, 113 S.Ct. 1710, 1714, 123 L.Ed.2d 353 (1993); *Thompson v. Borg,* 74 F.3d 1571, 1574–75 (9th Cir. 1996).

AFFIRMED.

---

1. *Massiah v. United States,* 377 U.S. 201, 206, 84 S.Ct. 1199, 1203, 12 L.Ed.2d 246 (1964); *see also Kuhlmann v. Wilson,* 477 U.S. 436, 459, 106 S.Ct. 2616, 2630, 91 L.Ed.2d 364 (1986) (volunteered remarks); *Maine v. Moulton,* 474 U.S. 159, 176–77 & n. 13, 106 S.Ct. 477, 487 & n. 13, 88 L.Ed.2d 481 (1985) (conversations with co-defendants); *United States v. Henry,* 447 U.S. 264, 270–71, 100 S.Ct. 2183, 2186–87, 65 L.Ed.2d 115 (1980) (elicited statements); *Brooks v. Kincheloe,* 848

F.2d 940, 945 (9th Cir.1988) (volunteered remarks).

2. *Teague v. Lane,* 489 U.S. 288, 310, 109 S.Ct. 1060, 1075, 103 L.Ed.2d 334 (1989); *see also O'Dell v. Netherland,* 521 U.S. 151, 156–57, 117 S.Ct. 1969, 1973, 138 L.Ed.2d 351 (1997).

